**Ruth Virginia JOLLEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 34695.**

Court of Criminal Appeals of Texas.

Oct. 24, 1962.

Rehearing Denied Jan. 2, 1963.

James J. Shown, Houston, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

This is a conviction for the felony offense of driving while intoxicated, as defined in Art. 802b, Vernon's Ann.P.C., with punishment assessed at confinement in the penitentiary for one and one-half years.

The state's testimony shows that on the date alleged, appellant was seen driving her 1950 Buick automobile at an unlawful rate of speed, over the center line in the lane of traffic coming from the opposite direction on Second Avenue, a public street in the city of Dallas; that a patrolman with the Dallas police department, upon observing the incident, stopped the automobile, placed appellant under arrest, and at the trial below identified her as the driver of said automobile; that two other police officers arrived upon the scene after appellant was stopped; that each officer had the opportunity to observe appellant's condition, which was described as follows: "Had an odor of strong, an alcoholic odor" coming from her breath; eyes "were flushed in red * * * very erratic on her feet, swaying and unable to stand." Based upon these facts and previous experiences with people who were known to be under the influence of intoxi-

cating liquor, the officers expressed their opinion that at such time appellant was intoxicated.

Appellant, testifying as a witness in her own behalf, denied that she was intoxicated and stated that she had not consumed any intoxicating beverage on the date in question, but that she had taken some pepto-bismal for a stomach ulcer. She further testified that she was driving without the use of her glasses.

J. T. May, a doctor of optometry, called as a witness by appellant, testified that he had treated her during the past few years for an eye disorder which impaired her vision but that the defect had been corrected by the prescription for glasses.

■ The jury resolved the disputed issue of intoxication against appellant, and we find the evidence sufficient to sustain their verdict.

There are no objections to the court's charge, and only one formal bill of exception appears in the record.

■ By said formal bill, appellant complains of the overruling of her motion for new trial based on the ground that the statement of facts prepared by the court reporter is incorrect. A hearing was had on the motion, and the evidence there adduced is incorporated in appellant's bill. The formal bill, which is approved by the trial court, reflects no error. The contention is overruled.

■ Appellant has also brought forward, in a supplemental transcript, the statement of facts heard on her motion for a change of venue, together with numerous newspaper clippings offered by her in support of her change-of-venue motion. The motion is rather unique in that it does not allege the usual allegation that a prejudice exists against the defendant in Dallas County; instead, the motion alleges that there exists in Dallas County *so great a prejudice against the offense alleged that she* cannot

obtain a fair and impartial trial in said county.

We have carefully reviewed all the evidence adduced at the hearing on said motion, and we perceive no error in the action of the trial court in overruling it. We express the opinion that said motion is not in compliance with the terms of Art. 562, Vernon's Ann.C.C.P., which, briefly stated, only enumerates two causes for the granting of a change of venue, namely:

(1) prejudice either exists against the defendant in the county where the prosecution is commenced, preventing him from getting a fair and impartial trial, and (2) there is a dangerous combination against him instigated by influential persons, by reason of which he cannot expect a fair trial,

and that the cause alleged by appellant for seeking a change of venue is not within the purview of the statute, supra.

■ The trial court has discretion in passing upon change of venue, and the applicant for a change of venue has the burden to prove the existence of the prejudice against him preventing a fair and impartial trial, such issue to be determined by the trial court. Handy v. State, 139 Tex.Cr.R. 3, 138 S.W.2d 541; Richardson v. State, 126 Tex.Cr.R. 223, 70 S.W.2d 1003.

■ Appellant contends, by brief filed by her counsel, that several informal bills of exception reflect error. We think that the most serious contention made by appellant by any of these informal bills was that the trial judge fell into error in announcing a ruling on an objection, which ruling, appellant contends, "assumed that appellant had been convicted and so stated before the jury."

Dr. J. T. May testified as a witness for appellant. The doctor was asked: "Do you see the defendant in the court room today?" He responded "Yes, sir, but I don't know her under this name." Appellant's testimony reflects that she had been married

twice. Upon cross-examination she was asked: "Were you known as Virginia Burton?" Objection was taken by her counsel, and then the court ruled: "Sustained, about Virginia Burton, anything that was brought out. Now, I don't know whether that was the one the doctor referred to, but if it is, he has a right to go into that." The witness replied: "That was my maiden name." The court stated: "Well, I don't know what name it was. He never did say." Appellant was then asked if she had also been known as Vivian Murdock. Objection was taken, and the court then ruled: "Here is my ruling on it. * * The part the doctor referred to I think you can ask her about that name she used there, anything about the name she used in this other offense, but any other matters, I sustain that. Go ahead."

The appellant then testified that the doctor knew her by the name of Rudell Virginia Heath, her maiden name. She was then asked by state's counsel if she had been known as Vivian Murdock, at which time objection was taken and a motion for a mistrial made. The court then ruled: "Sustain that. I don't know whether you understood my ruling or not, but listen to me, now. * * * There *was* two things I am permitting you to ask about names. That is all, and don't ask it anymore. One is the first one was about what name she used in the conviction. The other was about the doctor; anything else don't use the name, don't use it any more, and if you do I will grant a mistrial if you do it anymore, sustain it and disregard it, Ladies and Gentlemen of the Jury."

It is appellant's position that the court assumed that she had been convicted and so stated before the jury. We observe that no objection was taken to this ruling of the court. We further observe that all the evidence about the appellant's prior conviction for DWI was either admitted without objection or by stipulation, the appellant's counsel and the appellant, herself, agreeing to the stipulation.

There was no controversy whatsoever about this evidence or the prior conviction. We find no merit in appellant's contention, and it is overruled.

We have carefully examined the other contentions, urged in appellant's brief, reflected by the remaining informal bills of exception, and conclude that none of them reflect error. They are all overruled.

The judgment is affirmed.